IN THE UNITED STATES DISTRICT COURThi
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02624-BNB

RONALD EZELL HOOD,

    Plaintiff,

v.

ATTORNEY GENERAL, ERIC HOLDER, The United States of America,
DEPARTMENT OF VETERANS AFFAIRS, Denver Regional Office, and
THE DIRECTOR OF THE DENVER REGIONAL OFFICE, Veterans Service Center
    Manager, Denver VA Regional Office,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 18 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Ronald Ezell Hood, has filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983. He asks for money damages and injunctive relief. Mr. Hood has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court must construe the complaint liberally because Mr. Hood is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Hood will be ordered to file an amended complaint.

Mr. Hood alleges that he has been diagnosed with a service-connected disability for Post-Traumatic Stress Disorder (PTSD), as well as secondary serviced-connected hypertension. He further alleges that he filed three claims against the United States Department of Veterans Affairs in 1971, 1981, and 1992, the first two of which were denied and the third of which, granted in 2001 with a 1992 effective date, resulted in his

PTSD diagnosis. Mr. Hood argues that the diagnoses of PTSD and hypertension should date back to 1971 and not to 1992.

The complaint suffers from deficiencies. Mr. Hood fails to allege whether there is a federal statute that allows him to challenge the denial of his claims against the United States Department of Veterans Affairs. Instead, he has filed this action pursuant to 42 U.S.C. § 1983. Under § 1983, a plaintiff must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970). Under **Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics**, 403 U.S. 388 (1971), a plaintiff must allege that the defendants have violated his rights under the United States Constitution while the defendants acted under color of federal law. In order to sue federal defendants for violations of his civil rights, Mr. Hood properly must assert his civil rights claims pursuant to **Bivens**, not 42 U.S.C. § 1983. He also must allege a violation of his constitutional rights.

However, in a **Bivens** action, Mr. Hood cannot sue the United States through the Department of Veterans Affairs, Denver Regional Office, absent a showing that the United States has consented to be sued. **United States v. Testan**, 424 U.S. 392, 399 (1976); **FDIC v. Meyer**, 510 U.S. 471, 484-86 (1994) (holding that a **Bivens** action cannot be implied directly against federal agencies).

To the extent Mr. Hood is attempting to assert **Bivens** claims, he must show the personal participation of each named defendant in the asserted claims. Personal participation is an essential allegation in a civil rights action. **See Bennett v. Passic**, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Hood

must show that each defendant caused the deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Attorney General Eric Holder, may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The amended complaint that Mr. Hood will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and

must show that each defendant caused the deprivation of a federal right. See *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as Attorney General Eric Holder, may not be held liable on a theory of respondeat superior. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

The amended complaint that Mr. Hood will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and

(d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Hood will be directed to file an amended complaint that asserts the proper jurisdiction and sues the proper defendants. Mr. Hood is advised that, in order to state a claim in federal court, his amended "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." ***Nasious v. Two Unknown B.I.C.E. Agents***, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Plaintiff, Robert Ezell Hood, file **within thirty (30) days from the date of this order** an amended complaint that complies with this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Hood, together with a copy of this order, two copies of the following form to be used in submitting the amended complaint: Complaint. It is

FURTHER ORDERED that, if Mr. Hood fails to file an amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint and the action will be dismissed without further notice.

DATED November 18, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02624-BNB

Ronald Ezell Hood
5535 South Rome Street
Centennial, CO 80015

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Complaint** to the above-named individuals on 11/18/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk